IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOSEPH M. AND MARGIE L. SHEFFIELD, ) ) )  Plaintiffs, ) ) vs. ) ) ) WELLS FARGO HOME ) MORTGAGE, a division of WELLS ) FARGO BANK, N.A. ) ) Defendant. ) | CIVIL ACTION NO. 1:11-cv-00104 |

## DEFENDANT WELLS FARGO HOME MORTGAGE'S NOTICE OF REMOVAL

**COMES NOW** Defendant Wells Fargo Home Mortgage ("Wells Fargo" or "Defendant") by and through its undersigned counsel, and pursuant to the provisions of 28 U.S.C. §§ 1332, 1441, and 1446, appearing specially so as to preserve any and all defenses available under Rule 12 of the Federal Rules of Civil Procedure and, all defenses under the federal laws of bankruptcy, and the right to demand arbitration pursuant to contractual agreements and the Federal Arbitration Act, 9 U.S.C. §§ 1, et seq., hereby gives notice of removal of this action from the Circuit Court of Mobile County, Alabama, to the United States District Court for the Southern District of Alabama, Southern Division.  In support thereof, Defendant would respectfully show the Court as follows:

1895140 v1

## I. <u>INTRODUCTION</u>

1.     Plaintiffs Joseph M. Sheffield and Margie L. Sheffield (collectively, "Plaintiffs" or "Sheffields"), commenced this action by filing a Complaint on January 28, 2011, in the Circuit Court of Mobile County, Alabama, Case No. CV 2011-000095.  (*See* Complaint, attached hereto as Exhibit A).  The Circuit Court of Mobile County, Alabama, is a state court within this judicial district and division.

2.     Plaintiffs allege that Joseph M. Sheffield mortgaged certain real property, located at 11835 Stringfellow Road, Grand Bay, AL 34541 (the "Property"), to Wells Fargo via a Mortgage executed on May 31, 2006 (the "Mortgage").  (*Id.*, ¶ 2.)  Plaintiffs allege that neither the Note evidencing the indebtedness nor the Mortgage contained Margie L. Sheffield's signature and that someone later forged Margie L. Sheffield's signature to the Mortgage.  (*Id.*, ¶¶ 3-4.)  Plaintiffs allege that, pursuant to Ala. Code § 6-10-3, Wells Fargo's Mortgage is invalid and Wells Fargo also does not have authority to collect escrow payments from Plaintiffs.  (*Id.*, ¶¶ 3-7.)

3.     This case is properly removable pursuant to 28 U.S.C. § 1441, which provides in pertinent part as follows:

> (a)     Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is

pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

(b)   Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

4.   Accordingly, this matter is properly removable under 28 U.S.C. § 1441(a) and (b) as the United States District Court has original jurisdiction over this case under 28 U.S.C. § 1332(a).

5.   In the Complaint, Plaintiffs seek an Order declaring that Wells Fargo's Mortgage is null and void and seek an Order that Wells Fargo is not authorized to collect or hold escrow funds to be used to pay taxes and insurance on the Property.

## II. DIVERSITY JURISDICTION EXISTS OVER THIS ACTION.

6.   This court has original jurisdiction over this case under 28 U.S.C. § 1332(a), as amended, which provides in pertinent part that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and cost, and is between . . . (1) citizens of different States." 28 U.S.C. § 1332(a)(1).

### A.   The Parties are Diverse.

7.   First, the parties are diverse. Plaintiffs, upon information and belief, are resident citizens of the state of Alabama. (*See* Ex. A, Complaint, ¶ 1). Wells

Fargo is a corporation organized and existing under the laws of the State of California, with its principal place of business in the Iowa.  Consequently, for diversity jurisdiction purposes, Defendant is not a citizen of the State of Alabama.  *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1185-1186 (2010) (quoting 28 U.S.C. § 1332(c)(1)) ("a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business").  The parties, therefore, are completely diverse as required by 28 U.S.C. § 1332.

      **B.**      **The Amount in Controversy Exceeds $75,000.00.**

      8.      The amount in controversy requirement is satisfied in this case because the amount in controversy "exceeds the sum or value of $75,000.00, exclusive of interest and costs."   28 U.S.C. § 1332(a).  Plaintiffs' complaint involves a mortgage loan on the Property.  The Plaintiffs are seeking to invalidate Wells Fargo's Mortgage and, thus, Wells Fargo's security interest in the Property.  The property was assessed by the Mobile County Revenue Commissioner to have a fair market value of $87,800.00.  (*See* Notice of Ad Valorem Taxes and Non-Ad Valorem Assessments, attached hereto as Exhibit "B").  *See Mapp v. Deutsche Bank Nat. Trust Co.*, No. 3:08-CV-695-WKW, 2009 WL 435069, at *3 (M.D. Ala. Feb. 18, 2009) (holding that if security interest is not enforceable, amount in controversy is the value of the property).  Moreover, an appraisal conducted by Madeleine L. Downing of Gaylord C. Lyon & Company in 2006 shows that the

Property was valued at $115,000.00 at the time Plaintiffs' Loan was originated. (*See* Uniform Residential Appraisal Report, attached hereto as Exhibit "C"). Finally, cancellation of Wells Fargo's Mortgage would leave Plaintiffs' remaining principal balance of $98,362.36 unsecured. (*See* Loan Balance and Payment History, p. 1, attached hereto as Exhibit "D"). Thus, the minimum amount in controversy is above the $75,000.00 requirement for diversity jurisdiction and, 28 U.S.C. § 1332 is satisfied.

### III. ADOPTION AND RESERVATION OF DEFENSES

10. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of Wells Fargo's rights to assert any affirmative defenses, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) the mandatory arbitrability of some or all of the claims; (8) failure to join indispensable parties; or (9) any other pertinent defense available under Alabama law and/or Fed. R. Civ. P. 12, any state or federal statute, or otherwise. Defendant also reserves the right to demand arbitration pursuant to its contractual agreements with the Plaintiffs and the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq*.

## IV. PROCEDURAL REQUIREMENTS

12. This case is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

13. Federal jurisdiction exists under 28 U.S.C. § 1332, as this civil action is between citizens of different states, and the amount in controversy exceeds $75,000.00.

14. True, correct, and certified copies of "all process, pleadings, and orders" are attached hereto as Exhibit "A" in conformity with 28 U.S.C. § 1446(a). There are no other process, pleadings, or orders served upon Defendant to date in this case.

15. This Notice of Removal is filed within the time frame set forth in 28 U.S.C. § 1446.

16. Defendant has heretofore sought no similar relief.

17. The United States District Court for the Southern District of Alabama, Southern Division, is the District and Division embracing the place where this action is pending in state court.

18. Defendant reserves the right to supplement its Notice of Removal by adding any jurisdictional defenses which may independently support a basis for removal.

19. Contemporaneously with the filing of this Notice of Removal, Defendant has filed a copy of same, along with a Notice of Filing Notice of Removal, with the clerk of the Circuit Court of Mobile County, Alabama. Written notice of the filing of this Notice of Removal has also been served upon the Plaintiffs.

WHEREFORE, Defendant prays that the Court will take jurisdiction of this action and issue all necessary orders and process to remove this action from the Circuit Court of Mobile County, Alabama, to the United States District Court for the Southern District of Alabama, Southern Division.

Respectfully submitted this the 25th day of February, 2011:

/s/ *Zachary D. Miller*
John R. Chiles (CHI006)
Ricardo A. Woods (WOO109)
Zachary D. Miller (MIL135)
Attorneys for Defendant
WELLS FARGO HOME MORTGAGE, A DIVISION OF WELLS FARGO BANK, N.A.

**OF COUNSEL:**

BURR & FORMAN LLP
RSA Tower
11 North Water Street
Suite 22200
Mobile, AL  36602
Telephone: (251) 344-5151
rwoods@burr.com

BURR & FORMAN LLP
420 North 20th Street
Suite 3400
Birmingham, AL  35203
Telephone:   (205) 251-3000
Facsimile:    (204) 458-5110
jchiles@burr.com
zmiller@burr.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document by Notice of Electronic Filing, or, if the party served does not participate in Notice of Electronic Filing, by U.S. First Class Mail, hand delivery, fax or email on this the 25th day of February, 2011:

> Robert A. Beckerle
> BECKERLE LAW FIRM
> Amy Square, Suite C
> 712 Oak Circle Drive, West
> Mobile, AL 36609

/s/ *Zachary D. Miller*
OF COUNSEL