**COVER SHEET**  CV 2011 - 95
CIRCUIT COURT     Date of filing:
CIVIL CASE        Judge Code:

GENERAL INFORMATION

CIRCUIT COURT OF MOBILE COUNTY, ALABAMA.

JOSEPH M. SHEFFIELD, Plaintiff     v.     WELLS FARGO HOME MORTGAGE, Defendant

1st Plaintiff  Business  x Individual          1st Defendant  x Business   Individual
               Government   Other                             Government   Other

Nature of Suit:

Torts: Personal Injury
 WDEA - Wrongful Death
 TONG - Negligence: General
 TOMV - Neglience: Mtr Vehicle
 TOWA - Wantonness
 TOPL - Product Liability/AEMLD
 TOMM - Medical Malpractice
 TOLM - Legal Malpractice
 TOOM - Malpractice - other
 TBFM - Fraud/Bad Faith/Misrep.
 TOXX - Other: _____

Torts: Property Injury
 TOPE - Personal Property
 TORE - Real Property
Other Civil Filings
 ABAN - Abandoned Automobile
 ACCT - Account & Nonmortgage
 APPA - Administrative Agency Appeal
 ADPA - Administrative Procedure Act
 ANPS - Adults in Need of Protective Svc

Other Civil Filings (cont'd)
 MSXX - Birth/Death Certificate Modification/Bond Forfeiture
        Appeal/Enforcement of Agency Subpoena/Petition to
        Preserve
 CVRT - Civil Rights
 COND - Condemnation/Eminent Domain/Right-of-Way
 CTMP - Contempt of Court
 CONT - Contract/Ejectment/Writ of Seizure
 TOCN - Conversion
 EQND - Equity Non-Damages Action/Declaratory Jdgmt/
        Injunctiion/Election Contest/Quiet Title/Sale for Division
 CVUD - Eviction Appeal/Unlawful Detainer
 FORJ - Foreign Judgment
 FORF - Fruits of Crime Forfeiture
 MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/ Prohibition
 PFAB - Protection From Abuse
 FELA - Railroad/Seaman (FELA)
 RPRO - Real Property
 WTEG - Will/Trust/Estate/Guardianship/Conservatorship
 COMP - Workers' Compensation
 x CVXX - Misc. Circuit Civil Case

ORIGIN:  F x Initial Filing      A  Appeal from District Court       O  Other: _____
         R  Remanded             T  Transferred from Other Circuit Court

HAS JURY TRIAL BEEN DEMANDED ?     Yes     x No

RELIEF REQUESTED     x Monetary Award Requested     No Monetary Award Requested

Attorney Code: BEC013

Date: 20 January 2010                    *Robert A. Beckerle*
                                         ROBERT A. BECKERLE

MEDIATION REQUESTED ?     Yes     X No     Undecided

**EXHIBIT A**

**ORIGINAL**

SUMMONS
-CIVIL-
CIRCUIT COURT of MOBILE COUNTY, ALABAMA

CV- 11-95

Joseph M. Sheffield et al, Plaintiff     -v-     Wells Fargo Home Mortgage, a division of
Wells Fargo Bank, N.A, Defendant

NOTICE TO:  Wells Fargo Home Mortgage, a Division of Wells Fargo Bank, N.A.
c/o CSC, Agent for Service of Process
150 S Perry St
Montgomery, AL 36104-4227

The complaint which is attached to this Summons is important and you must take immediate action to protect your rights. You or your attorney are required to file the original of your written answer, either admitting or denying each allegation in the complaint with the Clerk of this Court. a copy of your answer must be mailed or hand delivered by you or your attorney to the Plaintiff's attorney:  *Beckerle Law Firm*
*712 Oak Circle Drive, West*
*Mobile, AL 36609-4224*

The answer must be mailed or delivered within 30 days after this Summons & Complaint were delivered to you, or a judgment may be entered against you for the money or other things demanded in the Complaint.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED by the Alabama Rules of Civil Procedure:**

[x] You are hereby commanded to serve this summons & a copy of the complaint in this action upon the defendant.

Service by certified mail of this summons is initiated upon the written request of Plaintiff pursuant to the Alabama Rules of Civil Procedure.

Date: JAN 2 8 2011          _JoJo Schwarzauer_  By: ____
JoJo Schwarzauer Circuit Clerk
Mobile Government Plaza
205 Government Street, Room C936
Mobile, AL 36644-2936

U.S. Postal Service
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)
For delivery information visit our website at www.usps.com

OFFICIAL USE

| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Sent To
Street, Apt. No.; or PO Box No.
City, State, ZIP+4

PS Form 3800, August 2006     See Reverse for Instructions

BECKERLE LAW FIRM, Attorneys for Plaintiff

Complaint to _____
_____ County, Alabama,

Server's signature

Type of Process Server

| | | |
|---|---|---|
| JOSEPH M SHEFFIELD and MARGIE L. SHEFFIELD | § | CIRCUIT COURT |
| Plaintiffs, | § | Mobile County, AL |
| -v- | § | CV 19-95 |
| WELLS FARGO HOME MORTGAGE, a division of WELLS FARGO BANK, N.A. | § | |
| Defendant | § | |

## COMPLAINT

### FIRST CAUSE OF ACTION

1. Plaintiffs Joseph M. Sheffield and Margie L. Sheffield are husband and wife and are residents of Mobile County, Alabama, residing at 11835 Stringfellow Road, Grand Bay, Alabama. Defendant Wells Fargo Home Mortgage, a division of Wells Fargo Bank, N.A., with offices in Des Moines, IA.

2. Joseph M. Sheffield mortgaged certain real property consisting of his homestead in Grand Bay, Alabama to Franklin Bank, a state savings bank located in Houston, TX, on May 31, 2006. Said mortgage was recorded June 26, 2006 in Real Property Book 5995, Page 1242, of the records in the office of the Judge of Probate, Mobile County, Alabama. Franklin Bank was subsequently placed in receivership and Federal Deposit Insurance is receiver.

3. Although the mortgage document showed Joseph M. Sheffield as a married man, neither the note secured by the loan nor the mortgage contained the signature of Margie L. Sheffield, his wife. The absence of his wife's name and signature on the mortgage renders the mortgage void under §6-10-3, Code of Alabama (1975).

4. Subsequent to the execution of the mortgage by Joseph Sheffield and prior to its recording, the signature of Plaintiff's wife was forged onto said document and her name added in the space designated for the name of borrower.

5. The monthly payments on said note and mortgage are presently being made to Defendant Wells Fargo Home Mortgage, either as holder of the note and mortgage or as the one designated by the holder of said documents to collect said monthly payments. As part of said monthly payments, Defendant collects taxes and insurance, which it holds in an escrow account. The current balance in said escrow account is approximately $5,500.00.

6. Based on the invalidity of said mortgage, Joseph Sheffield has since on or around July 1, 2010 refused to pay that part of the monthly payment consisting of escrow and has demanded a refund from Defendant on the escrow funds being held by it. However, Defendant refuses to refund said amount to him.

7. As said mortgage is void, Defendant has no authority to collect or hold escrow payments and Joseph Sheffield is entitled to a refund of the funds presently on hand at Defendant.

**WHEREFORE,** Plaintiff seeks an order declaring that Margie L. Sheffield didnot execute said mortgage, that her signature is a forgery, said mortgage is null and void and that Defendant is not authorized to collect or hold escrow funds to be used to pay taxes and insurance on said property, and will further enter a judgment in favor of Joseph Sheffield and against Wells Fargo Home Mortgage in the amount of escrow funds it is presently holding, plus costs and interest.

### SECOND CAUSE OF ACTION

Defendant owes Plaintiff $5,500.00 because of money paid by Plaintiff to Defendant on or about May 31, 2006 at Defendant's request.

**WHEREFORE,** Plaintiff demands judgment against Defendant for $5,500.00 plus interest and costs.

_____
JOSEPH M. SHEFFIELD

_____
MARGIE L. SHEFFIELD

STATE OF ALABAMA
COUNTY OF MOBILE

Before me the undersigned authority in and for said state and county personally appeared Joseph M. Sheffield and Margie L. Sheffield, who after being by me first dually sworn state that they have read the above complaint and that the statements therein are true and correct to the best of their knowledge, information and belief.

Dated this December 14, 2010

_____
Notary Public, State at Large, Alabama

_____
ROBERT A. BECKERLE
BECKERLE LAW FIRM
Amy Square, Suite C
712 Oak Circle Drive, West
Mobile, AL 36609

Revised 4-1-99; 11-1-99; 11-3-05

# IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

JOSEPH M SHEFFIELD ET AL
_____
Plaintiff,

vs.

WELLS FARGO MORTGAGE etc.
_____
Defendant,

CIVIL ACTION NO. CV-11-95

## GENERAL PRE-TRIAL ORDER

To expedite pre-trial and trial procedure, it is ORDERED by the Court that the following will apply:

1. **EXHIBITS, DOCUMENTS, AND PHYSICAL EVIDENCE, GENERALLY**

    a. Each party shall identify in writing to all other parties and shall make all documents, exhibits and physical evidence, or copies thereof, expected to be used in the case in chief available to the other parties, not less than 21 days prior to trial, for inspection and copying. The same shall then be authenticated and admitted into evidence without further proof, unless written objections to any such documents or exhibits be made to the Court not less than 14 days prior to trial specifying the grounds of objection to the genuineness and relevancy of the proposed document, exhibit, or physical evidence. The requirement does not apply to documents, exhibits and physical evidence used solely as impeachment evidence.

    b. Documents, exhibits or physical evidence not timely exhibited to or made available to other parties prior to trial under this Order will not be admitted into evidence at the trial unless solely for impeachment purposes or unless the ends of justice so require.

    c. Documents, exhibits or physical evidence so admitted hereunder shall be presented to the court reporter for marking in evidence prior to trial.

2. **DOCTOR, HOSPITAL AND MEDICAL EXPENSES**

    a. If applicable, all doctor, medical and hospital bills shall be sent to or made available to all parties not less than 21 days before trial and shall be admitted in evidence as reasonable without further proof, unless written objection to any such bills be made to the Court no less than 14 days before trial specifying the grounds for objection.

    b. Any such bills not timely exhibited to the other parties will jot be admitted in evidence at trial unless the ends of justice so require.

    c. The bills so admitted shall be presented to the court reporter for marking in evidence prior to trial.

3. <u>SPECIAL DAMAGES</u>

a. All parties seeking special damages shall furnish the other parties with a list thereof not less than 21 days before trial. Written objections thereto may be made not less than 14 days before trial specifying grounds of objections.

b. Evidence of special damages claimed, but not timely exhibited to other parties, will not be admitted into evidence unless the ends of justice require so.

4. <u>AGENCY-TIME AND PLACE-DUTY</u>

a. Agency and the time and place of the incident involved, if alleged in the complaint, and, if a negligence case, the existence of a duty, are admitted and the parties are deemed correctly named and designated unless specifically denied by answer or unless written objection is made not less than 14 days before trial. The objections shall include the correct name and entity and/or the grounds relied on.

5. <u>EXPERTS</u>

a. Unless previously obtained by discovery, each party will furnish to all other parties the names, addresses and qualifications of all expert witnesses expected to testify, together with a brief summary of their opinions. Such disclosure of experts shall be made by the party filing the Motion to Set and Certificate of Readiness not later than the time of filing such motion. Disclosure by all parties shall be made not later than 14 days after the filing of the Motion to Set and Certificate of Readiness.

b. Disclosure of experts in cases not included in the Fasttrack system shall be made by all parties not less than 60 days before trial.

c. Unless written objection to the qualifications of an expert is made not later than 30 days before trial, stating grounds, the qualification of such expert will be admitted.

d. Upon calling an expert to testify at trial, the attorney may state to the Court and jury the name, address and summary of the qualifications of the expert.

6. <u>DISCOVERY</u>

Discovery shall be completed 30 days prior to the trial date. On written motion for good cause shown, the court may allow discovery within this 30-day period.

7. <u>JURY INSTRUCTIONS</u>

If the case is to be tried by a jury, requested written charges shall be submitted to the Court not later than the close of the plaintiff's case, subject to supplementation during the course of the trial on matters which could not be reasonably anticipated. Each requested charge will be typed on letter size paper and identified by the party's last name and shall be numbered.

8. <u>JURY SELECTION</u>

Before the commencement of trial, the parties will furnish or advise the court, outside the presence of the jury, the names of all insurance companies involved and any special voir dire questions for the purpose of qualifying the jury.

9. <u>DUTY TO SUPPLEMENT DISCOVERY</u>

All parties are under duty to supplement responses to discovery as provided by Rule 26(e)(3) ARCP which should be done not less than 30 days before trial.

10. <u>MOTIONS GENERALLY</u>

If motion to strike or motion to dismiss a pleading is filed, the Court will not consider such unless a copy of the pleading sought to be struck or dismissed is attached thereto.

11. <u>CONFLICTS</u>

In the event of scheduling conflict affected counsel shall comply with the Attorney Calendar Conflict Resolution Order of the Alabama Supreme Court.

It is further ORDERED by the Court that the Court will reconsider any portion of the General Pre-Trial Order upon timely application by any party.

Done this the __28th__ day of __January__, 2011

_____
Charles A. Graddick, Presiding Circuit Judge

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

   Wells Fargo Home Mortgage
   4csc agent for service of process
   150 S Perry St
   Montgomery, Al
   36104-4227

   CV-11-95    CtS

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
   X _A.B.ll_                    ☒ Agent
                                  ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
   James S. Bellamy                 __ __ 2011

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
   ☒ Certified Mail    ☐ Express Mail
   ☐ Registered        ☒ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
   (Transfer from service label)
   7009 2820 0001 2453 6761

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540



AlaFile E-Notice

02-CV-2011-000095.00
Judge: SARAH HICKS STEWART

To: BECKERLE ROBERT AUSTIN
bob@beckerlelawfirm.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

JOSEPH M SHEFFIELD ET AL VS WELLS FARGO HOME MORTGAGE ETC
02-CV-2011-000095.00

The following matter was served on 2/4/2011

**D001 WELLS FARGO HOME MORTGAGE A DIV OF WELLS FARGO BAN**
CERTIFIED MAIL

JOJO SCHWARZAUER
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
205 GOVERNMENT STREET
MOBILE, AL 36644

251-574-8420
jo.schwarzauer@alacourt.gov